## UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
#### (Corpus Christi Division)

In re:

**FOUR MILE TREE, LLC,**                    Case No. 13-20560
                                            Chapter 11

           Debtor.

## EXPEDITED MOTION OF OLD POINT NATIONAL BANK OF PHOEBUS TO DISMISS OR STAY PROCEEDINGS

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

THE PARTY FILING THIS MOTION IS SIMULTANEOUSLY FILING A MOTION TO HAVE THIS MOTION HEARD ON DECEMBER 9, 2013 AT 9:00AM (OR AS SOON AS POSSIBLE THEREAFTER AS THE COURT'S SCHEDULE PERMITS). IT IS EXPECTED THAT THE MOTION REQUESTING THAT THIS MATTER BE HEARD ON DECEMBER 9, 2013 AT 9:00AM WILL BE GRANTED, AND THAT THIS MOTION WILL BE HEARD AT THAT TIME IN THE COURTROOM OF THIS COURT, WHICH IS LOCATED AT 1133 N. SHORELINE BLVD., CORPUS CHRISTI, TX.

COMES NOW The Old Point National Bank of Phoebus ("Old Point" or the "Bank"), by counsel, pursuant to Federal Rule of Bankruptcy Procedure 9013, and files this Motion to Dismiss or Stay Proceedings in this chapter 11 case (the "Motion") and requests that this case be dismissed on the grounds that it was filed in bad faith and without proper venue. In the alternative, Old Point requests, pursuant to Federal Rule of Bankruptcy Procedure 1014(b), that the above-captioned case be stayed pending the Virginia Court's determination of the venue in which the Debtor's bankruptcy case shall properly proceed.

## Introduction

1.      Old Point is a small bank headquartered in Hampton, Virginia.

2.      Four Mile Tree, LLC (the "Debtor") is a Virginia limited liability corporation, the sole asset of which is among Virginia's oldest historical plantations and located in Surry County, Virginia (the "Plantation").

3.      On December 12, 2007, the Debtor executed a Promissory Note and Deed of Trust, which, as modified and amended, provide Old Point with a first priority security interest in the Plantation. The Promissory Note and Deed of Trust, together with all other ancillary and related documents executed between Old Point and the Debtor in respect of the loan facility secured by the Plantation shall be herein referred to as the "Loan Documents."

4.      Some time ago, the Debtor fell behind in its loan payment obligations to Old Point.

5.      On November 19, 2013, Old Point filed an involuntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against the Debtor

2

in the United States Bankruptcy Court for the Eastern District of Virginia (the "Virginia Bankruptcy Court"), thereby commencing case number 13-51834-FJS (the "First Case").

6.     On November 20, 2013, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court, thereby commencing the above-captioned case (the "Second Case").  Also on November 20, 2013, the Debtor filed its Disclosure Statement the (the "Disclosure Statement") and Chapter 11 Plan (the "Plan").

7.     The chapter 11 petition filed in the Second Case was signed by Lynne Cates ("Cates") in her capacity as Chief Financial Officer of the Debtor. Cates is also listed on the Debtor's Schedule F as the principal of one of Debtor's largest unsecured creditors, Covenant Accounting Service.

8.     Upon information and belief, the Debtor's address, as listed on its chapter 11 petition, is the same address as the restaurant and outdoor dining facility of which Cates is the general manager.

### Grounds for Dismissal

### I. The Second Case Must Be Dismissed Because It Was Filed In Bad Faith

9.     Section 1112 of the Bankruptcy Code gives the bankruptcy court "substantial discretion" to dismiss a Chapter 11 reorganization case for any one of a non-exhaustive list of ten "causes." *See* 11 U.S.C. 1112(b); *Toibb v. Radloff*, 501 U.S. 157, 165 (1991).  Although not enumerated in § 1112(b), courts have recognized that a debtor's bad faith filing or conduct of its case is sufficient "cause" for dismissal under that section. *See Kestell v. Kestell (In re Kestell)*, 99 F.3d 146, 148 (4th Cir. 1996);  *Carolin Corp. v. Miller*, 886 F.2d 693, 700 (4th Cir. 1989); *see also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1071 (5th Cir. 1986) ("Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a

3

standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.").

10.     "There is ample authority for the proposition that a debtor, once good faith is raised, bears the burden of proof. Chapter 11 bankruptcy petitions are subject to dismissal under 11 U.S.C.S. § 1112(b) unless filed in good faith, and the burden is on the bankruptcy petitioner to establish that its petition has been filed in good faith." *In re Mirant Corp.*, 2005 Bankr. LEXIS 1686 (Bankr. N.D. Tex. 2005).

11.     A determination of whether bad faith exists is based on the "totality of circumstances." *Carolin Corp.*, 886 F.2d at 701. "Both objective futility and subjective bad faith [must] be shown in order to warrant dismissals for want of good faith in filing." *Id.* at 700-01.

### A.  The Second Case Was Filed In Subjective Bad Faith

12.     The subjective bad faith inquiry is designed to determine whether the debtor's real motivation is to abuse the bankruptcy reorganization process instead of using Chapter 11's provisions to reorganize or rehabilitate an existing enterprise. *Dunes Hotel Assocs. v. Hyatt Corp.*, 245 B.R. 492, 511 (D.S.C. 2000).

13.     In *Dunes Hotel*, the District Court for the District of South Carolina upheld the bankruptcy court's determination that the debtor's case was filed in subjective bad faith based on its finding that the debtor was using its bankruptcy as a litigation tactic in the long-standing dispute between the debtor and a creditor of the debtor. In so doing, the *Dunes Hotel* court adhered to the well-established rule that a bankruptcy petition filed for tactical purposes in litigation between the debtor and its creditor should be dismissed for bad faith. *See also Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.)*, 235 F.3d 375 (8th Cir. S.D. 2000); *In re C-TC 9th Ave. Partnership*, 193 B.R. 650, 654

(Bankr. N.D.N.Y. 1995) ("Where the primary purpose of the filing of a Chapter 11 case is

as a litigation tactic, the petition may be dismissed for lack of good faith."); *In re Reiser*

*Ford, Inc.*, 128 B.R. 234, 238 (Bankr. E.D. Mo. 1991).

      14.     As set forth by the Debtor in its Disclosure Statement,

> [a]ll Parties to this Chapter 11 are parties to the pending Nueces County
> Probate Court litigation in the probate Estate of William Henry Oliver
> Harrison, Jr., Deceased (the "Probate Estate"), Wayne Lundquist, Jr., in his
> Capacity as Independent Executor of the Estate, in County Court at Law # 4,
> Nueces County, Texas docket # 2011PR-00798-4, and the litigation
> commenced by Old Point Bank against the Estate Cause No. 2011PR-00798-
> 4-A, and the Estate's Third Party Claim against the Debtor Four Mile Tree"
> (the "Probate Litigation").

Disclosure Statement, at 12. The parties engaged in mediation in the Probate Litigation,

but an impasse was declared.

      15.     The Disclosure Statement and the Plan reveal that, through the

confirmation process, the Debtor seeks to permanently enjoin Old Point from pursuing its

claim against the Probate Estate and to fully and finally release all third party liability,

including all claims against the Probate Estate that may be brought by the Bank.

      16.     The Fifth Circuit has spoken on the impermissibility of permanent non-

debtor injunction and third party releases, clearly enunciating that such provisions violate

the Bankruptcy Code and are improper for inclusion in a chapter 11 plan. *Feld v. Zale*

*Corp. (In Re Zale Corp.)*, 62 F.3d 746 (5th Cir. Tex. 1995) ("While a temporary stay

prohibiting a creditor's suit against a non-debtor during the bankruptcy proceeding may

be permissible to facilitate the reorganization process in accord with the broad approach

to non-debtor stays under 11 U.S.C.S. § 105(a), the stay may not be extended post-

confirmation in the form of a permanent injunction that effectively relieves the non-

debtor from its own liability to the creditor. Not only does such a permanent injunction

improperly insulate non-debtors in violation of 11 U.S.C.S. § 524(e), it does so without any countervailing justification of debtor protection").

17.     In this case, the Debtor's inclusion of a third-party release and permanent injunction in favor of the Probate Estate, which is also a co-proponent of the Plan, is an improper insulation of the Probate Estate with no countervailing justification of debtor protection.  In light of the Plan's proposed surrender of the Debtor's single asset, the Second Case cannot be cast as a legitimate attempt to reorganize the Debtor's enterprise.[1] At its core, the Second Case is an instrumentality of the Probate Estate, through which it seeks to achieve through the Debtor's bankruptcy that which it could not achieve for itself in the Probate Litigation.  Indeed, the gravamen of the Debtor's effort in chapter 11 is to gain an advantage in the Probate Litigation by insulating the Probate Estate against the Bank's prosecution of its legitimate claims therein.[2]

18.     The tactical inclusion of the impermissible Plan provisions by which the Debtor seeks to prejudice the Bank's rights with respect to non-debtors is the essence of the Second Case, and a hallmark of the subjective bad faith in which it was filed.

### B.  The Second Case Is Objectively Futile

19.     The "objective futility inquiry is designed to insure that there is embodied in the petition 'some relation to the statutory objective of resuscitating a financially troubled [debtor].'" *Carolin Corp.*, 886 F.2d at 701 (quoting *Connell v. Coastal Cable TV, Inc. (In*

---

[1] The Bank submits that such surrender could more easily and economically occur in a chapter 7 case or voluntarily by the Debtor outside of bankruptcy, further evidencing the plan proponents' motivation to satisfy other interests at the expense of the estate.

[2] The non-debtor releases and injunctions that appear in the Plan are not available to the Debtor in the First Case, which was filed under chapter 7. This illuminates the Debtor's motivation in attempting to frustrate the progress of the First Case by filing the Second Case, despite that the filing of the Second Case is the functional equivalent of an admission that relief is warranted with respect to the involuntary petition. In re *Premier Gen. Holdings, Ltd.*, 427 B.R. 592 (Bankr. W.D. Tex. 2010).

6

*re Coastal Cable TV, Inc.)*, 709 F.2d 762, 765 (1st Cir. 1983)). In assessing objective good

faith in the context of a chapter 11 debtor, a court analyzes whether the considered case is

likely to result in confirmation of a plan that the debtor is likely to complete. *Id.*

20.     In this case, objective futility pervades the Second Case because the Debtor

cannot satisfy 11 U.S.C. § 1129(a)(3), which requires for confirmation that a chapter 11

plan be proposed in good faith and not by any means forbidden by law.

21.     In evaluating a plan with respect to § 1129(a)(3), a court has "considerable

judicial discretion" in finding good faith or bad, with the most important feature being an

inquiry into the "fundamental fairness" of the plan. *In re American Family Enterprises,*

256 B.R. 377, 401 (D.N.J. 2000)(*quoting In re New Valley Corp.*, 168 B.R. 73, 80-81

(Bankr. D.N.J. 1994)). Among other things, the Plan fatally offends principles of

fundamental fairness because the debtor in possession, through its Chief Financial

Officer, is of divided loyalties in this case.

22.     In *In re Coram Healthcare Corp.*, 271 B.R. 228 (Bankr. D. Del. 2001), the

Bankruptcy Court for the District of Delaware denied plan confirmation on the basis of

bad faith in finding that the debtor's CEO also maintained employment with a creditor of

the Debtor.  Relying on familiar chapter 11 jurisprudence, Judge Walrath explained that

"[a] debtor in possession is bound by a duty of loyalty that includes an obligation to

refrain from self dealing, to avoid conflicts of interests and the appearance of impropriety.

The duty of loyalty owed by a debtor in possession is also owed by its senior officers. *Id.*

As the court explained of CEO David Crowley:

> Crowley, the Chief Executive Officer and President of the Debtors, has a
> fiduciary duty to the estate, which includes the duty of loyalty and an
> obligation to avoid any direct actual conflict of interest. In this case,
> Crowley's actual conflict of interest goes beyond the mere appearance of
> impropriety. Crowley cannot serve the interests of both the Debtors and a

large creditor, Cerberus. . . . over Crowley, and indirectly the Debtors, is
simply not proper.

*Id.* at 236.

23.     Finding that not even full disclosure could cure the conflict created by
Crowley's service of two masters, the *Coram Healthcare* court refused to confirm the
debtor's chapter 11 plan under 11 U.S.C. § 1129(a)(3) as having been proposed in bad faith
and fundamentally unfair.

24.     Similarly, here, the Debtor cannot confirm its chapter 11 Plan because, like
Crowley, Cates, who signed the Debtor's chapter 11 petition, is in the improper service of
two masters in the Second Case - the Debtor as its CFO on one hand; and one of the
Debtor's largest unsecured creditors, on the other.  Because this conflict goes beyond the
mere appearance of impropriety, the Debtor cannot confirm the Plan, and its foray into
chapter 11 via the Second Case is a bad faith exercise in objective futility.[3]

25.     Because the Debtor cannot meet its burden to show that the Second Case
was filed in good faith, the Second Case must be dismissed.

## II. The Second Case Should Be Dismissed Because Venue is Improper In the Southern District of Texas

26.     Section 1408 of Title 28 of the United States Code provides in pertinent part
that "a case under title 11 may be commenced in the district court for the district in which
the domicile, residence, principal place of business in the United States, or principal
assets of the person or entity that is the subject of such case have been located for the one

---

[3] Old Point observes the economic futility of the Second Case, and that the circumstances present in the
Second Case warrant dismissal for bad faith under the Fifth Circuit's ruling in *In re Little Creek Dev. Co.*,
779 F.2d 1068 (5th Cir. Tex. 1986); specifically, the Debtor (1) has a single asset, the Plantation; (2) one
secured creditor with a lien on the Plantation; (3) few employees; (4) little or no cash flow; (4) no resources
to sustain a plan or to provide the Bank with adequate protection; (5) few unsecured creditors; and (5)
demonstrated wrongdoing on the part of its principals.

hundred and eighty days immediately preceding such commencement." 28 U.S.C. §
1408(1).

27.    In this case, the Debtor has admitted that it was organized as a limited
liability corporation under Virginia law for the purpose of owning and operating the
Plantation, a celebrated parcel of realty with historical significance in Virginia. *See*
Disclosure Statement, at 9.    Old Point's investigation reveals that the Office of Secretary
of State of Texas has no record of any corporate presence of the Debtor in Texas.

28.    Yet, the Debtor affirms, under penalty of perjury, that it "has maintained its
principal place of business in Corpus Christi, Texas" without an offer of further detail.
Disclosure Statement, at 12.

29.    Given that the Debtor's address, as listed in its chapter 11 petition, appears
to be the address of a restaurant and outdoor dining facility of which Cates is the general
manager, Old Point is unwilling to accept that the principal place of the Debtor's business
of owning and operating a historic plantation in Virginia takes place at that location.
Moreover, upon the Bank's information and belief, the Debtor has had no affiliation with
any place of business in Texas for the requisite 180-day period of prepetition time.

30.    The Debtor's representation of proper venue in the Second Case is
attenuated, at best, and a blatant falsity, at worst.  In either case, Old Point requests that
the Second Case be dismissed for want of proper venue.

### III. In the Alternative, Proceedings in the Second Case Should Be Stayed in Accordance with Fed. R. Bankr. P. 1014(b)

31.    The Bankruptcy Court for the Western District of Texas delivers a specific
answer to the procedural challenge that will present if the Second Case is not dismissed. If
the Second Case is not dismissed, proceedings in the Second Case must be temporarily

stayed until the Virginia Bankruptcy Court can decide propriety of venue.[4] *In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592 (Bankr. W.D. Tex. 2010).

32.     In *In re Premier Gen. Holdings, Ltd.*, Judge Clark addressed a situation in which an involuntary petition was filed against a Debtor and shortly thereafter followed by the Debtor's filing of a voluntary case. Citing directly to Federal Rule of Bankruptcy Procedure 1014(b), the court directed that:

> If two cases are pending in different districts, the court with the first filed case would properly decide the venue question. . . . The court with the later filed case is expected to stay its proceedings until the court with the first filed case determines venue. Once venue is decided, the court with the case in the wrong venue would transfer the case to the court with the properly venued case, after which the latter could then consolidate the two cases.

*Id.*[5]

33.     The approach set forth in Rule 1014(b) was unsuccessfully challenged in *In re Lamb*, 40 B.R. 698 (Bankr. E.D. Tenn. 1984). In *Lamb*, the first of the debtor's cases to be filed was an involuntary case in Tennessee. The second case was commenced by the debtor's filing of a voluntary petition in Kentucky. The debtor preferred the Kentucky court to determine the venue question, and argued that an order for relief could not be

---

[4] Simultaneously herewith, the Bank will file a Motion to Transfer and Consolidate Cases in the First Case, whereby the Bank will request that the Virginia Bankruptcy Court render a decision on venue at its earliest opportunity. The Bank submits that venue is proper in the Eastern District of Virginia, based on (1) the proximity of the Debtor to the Virginia Bankruptcy Court; (2) the proximity of the Debtor's creditors to the Virginia Bankruptcy Court; (3) the proximity to the Virginia Bankruptcy Court of witnesses necessary for valuation of the Plantation, the threshold issue of dispute between the parties: (4) the location of the Plantation and ancillary assets; (5) the economic administration of the estate; (5) the necessity of ancillary administration if liquidation should result.

[5] Federal Rule of Bankruptcy Procedure 1014(b) provides the procedure to be applied when petitions involving the same debtor or related debtors are filed in different courts. "If petitions commencing cases under the Code . . .are filed in different districts by, regarding, or against (1) the same debtor, (2) a partnership and one or more of its general partners, (3) two or more general partners, or (4) a debtor and an affiliate, on motion filed in the district in which the petition filed first is pending and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made. Fed. R. Bankr. P. 1014(b).

entered in the involuntary case because the voluntary petition constitutes an order for relief and it was "entered" before the court adjudicated the involuntary petition. *Id.*

34.     The bankruptcy court in *Lamb* disagreed with the debtor, opining that "more serious problems" would ensue if the voluntary case were to proceed and an order for relief were entered on the involuntary petition.  According to the court:

> The involuntary case will be the first case and should take precedence. The rights of the trustee in the involuntary case generally will accrue at the time of filing of the involuntary petition. He may be able to require the trustee and other parties in the voluntary case to undo what they have done. The proper procedure is to ask the court where the involuntary petition was filed to let the voluntary case proceed but in such a way that the rights of the petitioning creditors will be protected. There is always the possibility that creditors will rush to the courthouse with an unfounded involuntary petition in order to cut off the expected filing of a voluntary petition, but the court where the involuntary petition is filed can consider this fact in ruling on a motion under Rule 1014 (b) or in deciding whether to allow the voluntary case to proceed.

*Id.* at 691.  The *Lamb* court additionally found that, as a matter of law, the filing of a voluntary case is not a sufficient defense to an involuntary petition. *Id.*

35.     If the Court is disinclined to dismiss the Second Case, Old Point requests that the proceedings in the Second Case be stayed pending the Virginia Bankruptcy Court's venue determination, in observance of the "proper procedure" endorsed by the court in *Premier General Holdings*, and in accord with the mandatory language as set forth in Federal Rule of Bankruptcy Procedure 1014(b).

## Conclusion

For the reasons set forth above, the Second Case filed by the Debtor should be dismissed in its entirety *with prejudice*, or in the alternative, stayed pending a decision from the Virginia Bankruptcy Court as to the jurisdiction of proper venue.

WHEREFORE, The Old Point National Bank of Phoebus respectfully requests that this Court grant the instant Motion by entering the proposed order attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and appropriate.

THE OLD POINT NATIONAL BANK OF PHEOBUS

/s/
Timothy P. Dowling
615 N. Upper Broadway, Suite 800
Post Office Box 2888
Corpus Christi, Texas 78477-0033
(361) 884-1961
Fax: (361) 889-5100
Local Counsel for The Old Point National Bank of Phoebus

AND

Richard E. Biemiller, Esq.
Cullen D. Speckhart, Esq.
**Wolcott Rivers Gates**
Convergence Center IV
301 Bendix Road, Suite 500
Virginia Beach, VA 23452
Telephone: 757-497-6633
Counsel for The Old Point National Bank of Phoebus
(Pro Hac Vice Motions Pending)

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2013, a copy of the foregoing was (1) filed online with the Clerk of this Court and thereby transmitted via the Court's CM/ECF system to all users registered to receive electronic notifications in this case; and (2) sent this November 27, 2013, via first class U.S. Mail, postage prepaid, to Shelby A. Jordan, proposed counsel for the Debtor, Jordan, Hyden, Womble, Culbreth & Holzer P.C., 500 North Shoreline, Suite 900, Corpus Christi, Texas, 78401; and (3) to all other parties via first class U.S. Mail, postage prepaid, who are listed on the attached mailing matrix generated in this case that is attached hereto as Exhibit B.

/s/ Timothy P. Dowling

396370/4293.01

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### (Corpus Christi Division)

In re:

**FOUR MILE TREE, LLC,**                    **Case No. 13-20560**
                                             **Chapter 11**

       **Debtor.**

### <u>ORDER DISMISSING VOLUNTARY CASE</u>

Before this Court is the Expedited Motion to Dismiss or Stay Proceedings in the above-captioned case (the "Motion"; Document No. _____ ) filed by counsel on behalf of The Old Point National Bank of Phoebus ("Old Point").

Based upon the representations made in the Motion and the representations of counsel for the Old Point and the Debtor, and following a review of the case records and pleadings filed therein and the evidence and arguments presented by Old Point and the Debtor, and after due consideration thereof and after deliberation thereon, it is

ORDERED that the above-captioned chapter 11 case filed with this Court on November 20, 2013, be and is hereby DISMISSED with prejudice.

Signed this _____ day of _____, 2013.

                                       _____

                                       Richard S. Schmidt
                                       United States Bankruptcy Judge

**EXHIBIT**

**A**

SUBMITTED BY:

/s/  *Timothy P. Dowling*
Timothy P. Dowling
615 N. Upper Broadway, Suite 800
Post Office Box 2888
Corpus Christi, Texas 78477-0033
(361) 884-1961
Fax: (361) 889-5100
Local Counsel for The Old Point National Bank of Phoebus

396369/4392.01

Label Matrix for local noticing
0541-2
Case 13-20560
Southern District of Texas
Corpus Christi
Wed Nov 27 09:55:24 CST 2013

Four Mile Tree, LLC
108 Peoples Street T-Head
Corpus Christi, TX 78401-2322

c/o Timothy P. Dowling Old Point National Ba
Gary, Thomasson, Hall & Marks, PC
615 N. Upper Broadway, Suite 800
Corpus Christi, TX 78401-0736

2
United States Bankruptcy Court
1133 North Shoreline Blvd #208
Corpus Christi, TX 78401-2042

Dale Dippre
144 Church Street
Surry, VA 23883-2742

Eric Barrera
Royston Rayzor Vickery & Williams, LLP
802 N. Carancahua, Suite 1300
Corpus Christi, TX 78401-0021

Estate of William O. Harrison, Jr.
4787 Ocean Drive
Corpus Christi, TX 78412-2675

Hannah Lenore Harrison 2005 Trust
4787 Ocean Drive
Corpus Christi, TX 78412-2675

Hornsby Real Estate Company
ATTN: Robert S. Hornsby
P.O. Box 421
Williamsburg, VA 23187-0421

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box  7346
Philadelphia, PA 19101-7346

Lynn Cates
d/b/a Covenant Accounting Service
5813 Trieste Drive
Corpus Christi, TX 78413-3626

Old Point National Bank
4139 Ironbound Road
Williamsburg, VA 23188-2631

Richard E. Biemiller
Wolcott, Rivers, Gates
Convergence Center IV
301 Bendix Road, Suite 500
Virginia Beach, VA 23452-1388

Surry County Farm Bureau
P.O. Box 419
Surry, VA 23883-0419

Surry County Treasurer's Office
Mary H. Shaw Treasurer
P.O. Box 286
Surry, VA 23883-0286

US Trustee
606 N Carancahua
Corpus Christi, TX 78401-0680

United States Trustee
606 North Carancahua, Suite 1107
Corpus Christi, TX 78401-0680

Virginia Farm Bureau
P.O. Box 27552
Richmond, VA 23261-7552

Virigina Department of Forestry
Prince George/Surry Office
135 Bank Street
Waverly, VA 23890-3427

Whittington, Beavers & Hubbard
5656 S. Staples #104
Corpus Christi, TX 78411-4655

William Henry Harrison, III, 2005 Trust
4787 Ocean Drive
Corpus Christi, TX 78412-2675

Willie Graham
c/o The Colonial Williamsburg Foundation
402 High Street
Petersburg, VA 23803-3858

Shelby A Jordan
Jordan Hyden Womble Culbreth & Holze, PC
500 N Shoreline
Ste 900 N
Corpus Christi, TX 78401-0399

c/o Eric Barrera Old Point National Bank of
Royston Razor Vickery & Williams
Frost Bank
802 N. Carancahua, Suite 1300
Corpus Christi, TX 78401-0021

End of Label Matrix
Mailable recipients    23
Bypassed recipients     0
Total                  23

